HAEJI HONG, ATTORNEY #198503
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 West Broadway, Suite 600
San Diego, CA 92101
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

DONALD R. SOUCY,

    Debtor.

Case No.: 08-04626-LT13

REPLY TO OPPOSITION TO EX PARTE MOTION FOR ORDER AUTHORIZING EXAM UNDER FRBP 2004 AND REQUEST FOR PRODUCTION OF DOCUMENTS

Date: Ex Parte Application
Time:
Dept: Three (3)
Room: 129
Judge: Hon. Laura S. Taylor

    Comes now, the Acting United States Trustee (the "United States Trustee" or "UST"), submits this brief reply to Debtor's Opposition and Objection to the UST's Ex Parte Motion for Order Authorizing Exam Under FRBP 2004, and Request for Production of Documents.

    First, motions filed pursuant to FRBP 2004 can be properly filed ex parte pursuant to Local Bankruptcy Rule 9013-6(1)(G) as referenced in the UST's initial motion.

    Second, the UST set forth proper cause to examine the Debtor. It appears the Debtor's counsel argues examination of the Debtor cannot be conducted because examination of attorney fee would violate attorney client privilege. Such argument lacks merit. If an action is based on federal law, then federal common law of attorney client privilege governs, not state law. *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992); *In re Mortgage & Realty Trust*, 212 B.R. 649, 651-52 (Bankr.C.D.Cal. 1997); *In re Carter*, 62 B.R. 1007, 1011-12 (Bankr.C.D.Cal. 1986). For example, actions based on 11 USC § 547, *In re Carter*, 62 B.R. at

1011-12, and actions to set aside post-petition transfer of property, *In re Mortgage & Realty Trust*, 212 B.R. at 651-52, were held to be within federal law and that federal common law of attorney client privilege applies. In the Ninth Circuit, attorney client privilege does not apply to "the identity of the client, amount of the fee, the identification of payment by case file name, and the general purpose of the work performed." *Clarke*, 974 F.2d at 129. An exception may be if the Debtor's counsel can show that the information requested would reveal "the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law." *Id.* However, that burden is not upon the UST but one that claims that the attorney client privilege applies. Based on this standard, the Ninth Circuit has held that attorney client privilege does not apply to attorney billing statements. *Id.* at 130.

The UST's application for OSC and this following application to examine the Debtor (as well as other debtors) stem from 11 U.S.C. § 329 and FRBP 2016, which impose mandatory duty on the debtor's counsel to completely disclose his fee arrangement. 11 U.S.C. § 329; FRBP 2016; *In re Downs*, 103 F.3d 472 (6th Cir. 1996). Failure to comply with the Bankruptcy Code and Bankruptcy Rules regarding disclosure of compensation is grounds for sanction. *In re Park-Helena Corp.*, 63 F.3d 877 (9th Cir. 1995). Therefore, based on the Bankruptcy Code, Bankruptcy Rule, and federal attorney-client privilege law, the Opposition is without merit and the Court should issue orders pursuant to FRBP 2004.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: August 27, 2009

By: /s/ Haeji Hong
Haeji Hong
Attorney for the Acting United States Trustee