HAEJI HONG, ATTORNEY #198503
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 West Broadway, Suite 600
San Diego, CA 92101
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DONALD R. SOUCY,<br><br>    Debtor.<br><br>ACTING UNITED STATES TRUSTEE,<br><br>    Movant,<br><br>vs.<br><br>STEVEN R. HOUBECK,<br><br>    Respondent | Case No.: 08-04626-LT13<br><br>Contested Matter Per OSC<br>Dated October 13, 2009<br><br>TRIAL BRIEF FOR EVIDENTIARY HEARING ON ORDER TO SHOW CAUSE WHY ATTORNEY SHOULD NOT DISGORGE FEES OR BE SANCTIONED<br><br>Date:   May 27, 2010<br>Time:  2:00 p.m.<br>Dept.:  Three (3)<br>Judge:  Hon. Laura S. Taylor |

## Introduction

The Acting United States Trustee (the "UST" or "United States Trustee") filed an application for an order to show cause in this case so that the Court could determine whether Steven R. Houbeck (the "Debtor's Counsel," "Respondent," or "Mr. Houbeck") should disgorge his entire fees or be sanctioned. After hearing, the Court issued an Order to Show Cause Why Attorney Should Not Disgorge Fees or Be Sanctioned in this case. The issue for trial is whether Mr. Houbeck failed to disclose his fees accurately pursuant to 11 U.S.C. § 329 and Federal Rule

of Bankruptcy Procedure 2016(b).[1]

## Summary of Facts

On May 28, 2008, Donald R. Soucy (the "Debtor") filed a voluntary chapter 13 proceeding, with Steven Houbeck as his counsel. Mr. Houbeck disclosed in all of the relevant pleadings filed with the Court that he had received $1,000 from the Debtor prior to the filing of the petition. The disclosures were made on the Disclosure of Compensation of Attorney for Debtor ("Rule 2016 Statement") and Application for Confirmation of Plan; Order Confirming Plan and Allowing Attorney Fees ("Confirmation Order"), as confirmed by the Court on September 18, 2008. Mr. Houbeck disclosed in the same relevant pleadings that he agreed to be paid the guideline fee of $3,300 and that he was owed $2,300, to be paid through the chapter 13 plan.

The Debtor contacted the UST's Office to dispute the attorney fee he paid to Mr. Houbeck. According to the Debtor, he agreed to pay him a total of $2,574 prior to filing for the bankruptcy and he alleged that he paid that entire amount prior to the filing of this case. The Debtor produced a cancelled check, which showed that he paid $2,574 on or about May 1, 2008.

The Court issued an Order to Show Cause Why Attorney Should Not Disgorge Fees or Be Sanctioned on October 13, 2009 to examine Mr. Houbeck's fees in this case.

## Legal Issues

**A.   Court's Authority to Enforce Disclosure Requirements of the Bankruptcy Code and Rules**

The Court has broad power to sanction attorneys pursuant to § 105 and under inherent authority.[2] Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Court has power to sanction after proper notice to the offending party of the basis for sanction and of the potential

---

[1] Unless otherwise indicated, all section references are to the Bankruptcy Code, 11 U.S.C. §§101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037

[2] *Price v. Lehtinen (In the Matter of Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009).

TRIAL BRIEF
SOUCY: 08-04626-LT13

sanctionable conduct.[3]

In particular, the Ninth Circuit Court of Appeals held that bankruptcy courts have broad and inherent authority to deny attorney fees if the attorney fails to meet the Bankruptcy Code's disclosure requirements as required by §§ 327, 329, 330, and 331.[4] In so holding, the Ninth Circuit held that the bankruptcy court has discretion to deny the entire fee if the attorney fails to obey the disclosure and reporting rules of the Bankruptcy Code and Bankruptcy Rules.[5] The Ninth Circuit reasoned that the bankruptcy court must be able to rely on the truthfulness of the attorney's representation and statements filed pursuant to § 329 and Rule 2016.[6]

Thus, the Court has inherent authority to order disgorgement of attorney fees if the Court finds that Mr. Houbeck failed to properly disclose his fees as required by § 329, Rule 2016, and Rule 2017.

**B.     Debtor's Counsel is Required to Accurately and Properly Disclose His Fees**

The Bankruptcy Code and Bankruptcy Rules contain numerous provisions requiring the debtor's counsel to properly disclose his compensation to protect the debtor from his/her counsel.[7] In particular to this case, § 329 provides:

> (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

---

[3] *In re Deville*, 280 B.R. 483, 494, 496 (9th Cir. BAP 2002)(explaining that the court's inherent authority under § 105(a) permits the bankruptcy court to award compensatory attorney fees and describing the notice requirement to implement sanction under the inherent powers of the court).

[4] *Law Offices of Nicholas A. Franke v. Tiffany, U.S. Trustee (In re Lewis)*, 113 F.3d 1040, 1045 (9th Cir. 1997).

[5] *Id.* at 1045.

[6] *Id.*

[7] *See id.* (noting § 327, 329, 330, and 331 in particular and citing to *In re Walters*, 868 F.2d 665, 668 (4th Cir 1989) for the proposition that § 329 and Rule 2017 are designed to protect debtor from overreaching by attorney).

TRIAL BRIEF
SOUCY: 08-04626-LT13

- 3 -

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
    (1) the estate, if the property transferred –
        (A) would have been property of the estate; or
        (B) was to be paid by or on behalf of the debtor under a plan under chapter … 13 of this title; or
    (2) the entity that made such payment.

The Ninth Circuit noted that Rule 2016 implements § 329.[8] Rule 2016(b) provides:

(b) *Disclosure of Compensation Paid or Promised to Attorney for Debtor.* Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. … A supplemental statement shall be filed and transmitted to the United States trustee within 14 days after any payment or agreement not previously disclosed.

Rule 2017, states in relevant part that:

(a) *Payment or Transfer to Attorney Before Order for Relief.* On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor … to an attorney for services rendered or to be rendered is excessive.

(b) *Payment or Transfer to Attorney After Order for Relief.* On motion by the debtor, the United States trustee, or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefore, by the debtor to an attorney after entry of an order for relief in a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefore is for services in any way related to the case.

Courts have emphasized the importance of accurate and full disclosure of compensation of debtor's counsel. The Ninth Circuit explicitly recognized bankruptcy court's inherent power to deny approval of entire attorney's fee for a negligent or inadvertent failure to fully disclose pursuant to Rule 2016.[9] The debtor's counsel must fully disclose precise nature of the fee

---

[8] *Id.* at 1044.

[9] *Id.* at 1045 (citing *In re Park-Helena Corp.*, 63 F.3d 877, 882 (9th Cir. 1995) and further

TRIAL BRIEF
SOUCY: 08-04626-LT13

-4-

arrangement.[10] The Ninth Circuit held that sanctions for disclosure violation may be appropriate even if there is no actual harm to the estate.[11] The Ninth Circuit pointed out that these disclosure requirements must be literally applied, even if results are harsh and that negligent failure cannot vitiate disclosure violation.[12] The policy of strict adherence to the disclosure requirements is appropriate because (1) courts must be able to rely on the attorney's representation regarding the accuracy of the fees in a statement filed pursuant to § 329 and Rule 2016(b);[13] and (2) the disclosure requirements protect the debtors from any overreaching by debtor's counsel.[14]

Thus, if the Court finds that Mr. Houbeck violated any of the disclosure requirements – intentionally or unintentionally -- the Court may order disgorgement of all of the fees because of the importance of adhering to the full and accurate disclosure requirements.

### C. Mr. Houbeck Has Burden to Prove Accurate Disclosures Regarding Fees

"Once a question has been raised about the reasonableness of the attorney's fees under § 329, it is the attorney who bears the burden of establishing that the fees are reasonable."[15] Under § 330, fee application for attorney fee is not presumed to be valid or accurate if challenged,[16] and

---

explaining that the Ninth Circuit's holding in that case was based on bankruptcy court's inherent authority over the debtor's attorney fee.)

[10] *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995).

[11] *Id.*

[12] *Id.*

[13] *In re Lewis*, 113 F.3d at 1045-46 (noting that the court must be able to rely on the veracity, that the attorney would supplement the disclosure statement if further compensation is received, and that attorney's inclusion of false statement supported bankruptcy court's conclusion that it could reject the entire fee, without inquiring about the excessiveness of fee, given the gravity of the transgression.)

[14] *Id.* at 1045.

[15] *In re Lasica*, 294 B.R. 718, 721 (Bankr.N.D.Ill. 2003).

[16] *In re Tan, Lie Hung & Mountain States Investments, LLC*, 413 B.R. 851, 856 (Bankr.D.Ore. 2009).

TRIAL BRIEF
SOUCY: 08-04626-LT13

generally the standard for reviewing issues under § 329 is the same as under § 330.[17] The Ninth Circuit in *In re Park-Helena* also favorably cited a lower bankruptcy court case for the proposition that "the burden is on the person to be employed to come forward and make full, candid, and complete disclosure."[18]

In this case, the United States Trustee has raised the issue regarding the accuracy of Mr. Houbeck's disclosure of fees. The burden is thus upon Mr. Houbeck to establish the accuracy of the disclosure.

### D. Attorney Client Privilege Does Not Apply to Fees

If an action is based on federal law, then federal common law of attorney client privilege governs, not state law.[19] Issues arising under the Bankruptcy Code – such as actions pursued under § 547[20] and actions to set aside post-petition transfer of property[21] -- were held to be within federal law and that federal common law of attorney client privilege applies. Therefore, in this case, because the issue relates to the disclosure requirements of the Bankruptcy Code and Bankruptcy Rule, federal common law of attorney client privilege applies.

In the Ninth Circuit, attorney client privilege does not apply to "the identity of the client, amount of the fee, the identification of payment by case file name, and the general purpose of the work performed."[22] As one bankruptcy court noted, "fee information is generally not privileged" because "[t]he payment of fees is incidental to the attorney-client relationship, and does not

---

[17] *Id.*; *In re Rheuban*, 121 B.R. 368, 383-84 (Bankr.C.D.Cal. 1990)(noting that standards under § 330 is applicable for review of issues under § 329 and holding that the burden is on the counsel to prove all issues arising under § 329).

[18] *In re Park-Helena*, 63 F.3d at 821, *citing In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228, 237 (Bankr.E.D.Cal. 1988) with quote in parenthesis.

[19] *United States v. Zolin*, 491 U.S. 554, 562 (1989)(citing to Fed.Rule Evid. 501 for the proposition that federal common law governs questions of privilege arising in the adjudication of federal rights); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)(citing to *Zolin*, 491 U.S. 554); *In re Mortgage & Realty Trust*, 212 B.R. 649, 651-52 (Bankr.C.D.Cal. 1997); *In re Carter*, 62 B.R. 1007, 1011-12 (Bankr.C.D.Cal. 1986).

[20] *In re Carter*, 62 B.R. at 1011-12.

[21] *In re Mortgage & Realty Trust*, 212 B.R. at 651-52.

[22] *Clarke*, 974 F.2d at 129.

TRIAL BRIEF
SOUCY: 08-04626-LT13

- 6 -

usually involve disclosure of confidential communication arising from the professional relationship."[23] In addition, the Ninth Circuit also held that attorney client privilege does not exist between the bank and the depositor and thus does not exist to the production of checks deposited into or withdrawn from the attorney's trust account.[24] In essence, "information regarding the fee arrangement with [a] client" is not protected by attorney-client privilege.[25]

One asserting the attorney-client privilege has the burden of establishing that the privilege applies.[26] In the Ninth Circuit, the privilege may apply only if documents would also "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided such as researching particular areas of law."[27]

In this case, despite Mr. Houbeck's repeated attempts to raise attorney client privilege, attorney client privilege does not apply to any of the information regarding his fees. Thus, attorney client privilege does not apply to the fee amount, general purpose for any fees, any arrangement regarding fees, and any other relevant issues regarding the fees.

### E.   Relief Should Include Full Disgorgement and UST's Reasonable Attorney Fees and Costs as Additional Sanction

As noted earlier, the Court could deny entire fees and order disgorgement of entire fees already received by the Debtor's Counsel upon finding that he failed to adhere to the Bankruptcy Code and Bankruptcy Rule's disclosure requirements.[28] In addition, under § 105(a), the Court

---

[23] *In re Rheuban*, 121 B.R. 368, 384 (Bankr.C.D.Cal. 1990).

[24] *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007)(citing *Harris v. United States*, 413 F.2d 316, 319-20 (9th Cir. 1969) for the proposition that attorney client privilege does not extend in a case involving production of all checks deposited into or withdrawn from an attorney's trustee account).

[25] *Id.*

[26] *Clarke*, 974 F.2d at 129.

[27] *Id.*

[28] *In re Lewis*, 113 F.3d at 1045-46; *In re Perrine*, 369 B.R. 571, 580-81 (Bankr.C.D.Cal. 2007)(citing *In re Lewis*, 113 F.3d 1040, for the proposition that attorney fees already received could be disgorged for violating § 329 and Rule 2016).

also has inherent power to authorize the award of reasonable attorney fees and costs.[29] The Court has inherent power to sanction, without resorting to contempt proceeding, so long as the sanctions are compensatory.[30] Thus, courts have regularly awarded compensatory attorney fees and costs as sanctions under § 105.[31]

In this case, if Mr. Houbeck violated the disclosure requirements, the United States Trustee requests that the Court order full disgorgement of all fees and as additional compensatory sanction, award reasonable attorney fees and costs to the United States Trustee.

### Conclusion

The evidence will show that Mr. Houbeck violated § 329 and Rule 2016. The burden is upon Mr. Houbeck to prove that violations did not occur. If the Court finds that violations occurred, the United States Trustee respectfully requests that the relief include full disgorgement of all fees and reasonable compensatory attorney fees and costs as additional sanction.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: March 3, 2010

By: /s/ Haeji Hong
Haeji Hong
Attorney for the Acting United States Trustee

---

[29] See In re Deville, 280 B.R. 483 (9th Cir. BAP 2002)(holding that although Rule 9011 was not applicable for awarding compensatory award for reasonable attorneys' fees and costs, § 105(a) does allow the bankruptcy court to authorize attorneys' fees and costs); In re Zepecki, 224 B.R. 907 (Bankr.E.D.Ark. 1998)(awarding attorney fees and travel expenses to the opposing counsel where debtor's counsel failed to appear at scheduled hearing).

[30] In re Deville, 280 B.R. at 497.

[31] In re Zepecki, 224 B.R. at 911-912.

TRIAL BRIEF
SOUCY: 08-04626-LT13

- 8 -