1   Linda F. Atcherley (SBN: 147095)
    LINDA ATCHERLEY & ASSOCIATES
2   7851 Mission Center Court, Suite 250
    San Diego CA 92108
3   Tel: 619-325-0969
    Fax: 619-325-0936
4

5   Attorney For Respondent
    Steven R. Houbeck
6

7                    UNITED STATES BANKRUPTCY COURT

8                    SOUTHERN DISTRICT OF CALIFORNIA

9   In Re:                          ) Case No.: 08-06198-LT13
                                     )
10                                   ) Contested Matter per OSC
                                     ) Dated October 13, 2009
11  **SILVIA GODWIN,**               )
                                     ) RESPONDENT STEVE HOUBECK'S TRIAL BRIEF
12              Debtor.              ) FOR EVIDENTIARY HEARING ON ORDER TO
                                     ) SHOW CAUSE WHY ATTORNEY SHOULD NOT
13                                   ) DISGORGE FEES OR BE SANCTIONED
                                     )
14  In Re:                          ) Case No.: 08-04626-LT-13
                                     )
15  **DONALD SOUCY,**               )
                                     )
16              Debtor              )
                                     )
17  _____        )
    ACTING UNITED STATES            )
18  TRUSTEE                         ) Date:    May 27, 2010
                                     ) Time:    2:00 P.M.
19              Movant,             ) Dept:    Three (3)
                                     ) Judge:   Hon. Laura S. Taylor
20      vs.                         )
                                     )
21  STEVEN R. HOUBECK,              )
                                     )
22              Respondent.         )
    _____        )
23
            Steven R. Houbeck (Respondent), hereby submits his trial brief in the above entitled
24
    matters to support Respondent's position that there was no misinformation supplied to the debtor
25
    regarding fees and that the fees should not be disgorged nor should the Respondent be made to
26
    pay sanctions.
27
    /////
28

    Houbeck Wit List (Godwin 08-06198-LT13)     1

I

## ISSUE FOR OSC:

**A.**  **DONALD R. SOUCY 08-04626-LT-13:** The sole issue is whether there was misinformation supplied to debtor regarding fees such that the fees should be disgorged and/or the Respondent made to pay sanctions.

**B.**  **SILVIA GODWIN (08-06198-LT13):** The sole issue is whether there was misinformation supplied to debtor regarding fees such that the fees should be disgorged and/or the Respondent made to pay sanctions.

II

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about May 2, 2008, Respondent Steven Houbeck was retained to represent debtors **Silvia Godwin** and **Donald R. Soucy.** Prior to the bankruptcy filings, the debtors were a married couple. At the time of the bankruptcy filing, they had filed for a legal separation. Because of the legal separation, Mr. Houbeck had each of the debtors sign two separate retainer agreements, one for the bankruptcy matter and another for other matters related to but not contained within the purview of the Chapter 13 Bankruptcies he was filing. He also had each debtor sign a Disclosure of Compensation of Attorney For Debtor, Chapter 13, which listed the amount of $3,300.00 as the fee for the Chapter 13 bankruptcy, just as was listed in the Chapter 13 Retainer he had the debtors sign. Debtor **Godwin** gave Respondent Houbeck a check in the amount of $2774.00. Of that amount $1300.00 was on account for the $3300.00 total attorneys fees on the Chapter 13 Bankruptcy and the balance of $1474.00 was for costs and $1145.00 was paid pursuant to a retainer on non-bankruptcy counseling and advice. All funds were placed into a Client Trust Account. Similarly, Debtor **Soucy** gave Respondent a check for $2574.00, of which $1000.00 was a deposit on the $3300.00 fees for the Chapter 13 Bankruptcy matter and the balance was for costs (filing fees, etc. for the Chapter 13) and $1,245.00 was paid pursuant to a separate retainer for non bankruptcy advice and financial counseling. All funds were placed into Respondent's Attorney/Client Trust account and recorded on the Client's account Ledger.

On or about May 28, 2008, Respondent **Houbeck** filed a Voluntary Petition, statements

Houbeck Wit List (Godwin 08-06198-LT13)    2

of financial affairs, disclosure of compensation of attorney for debtor, Chapter 13 statement of currently monthly income and calculation of commitment period and disposable income for debtor **Donald R. Soucy**.

Similarly, on or about July 3, 2008, Respondent **Houbeck** filed a Voluntary Petition, statements of financial affairs, disclosure of compensation of attorney for debtor, Chapter 13 statement of currently monthly income and calculation of commitment period and disposable income for debtor **Silvia Godwin.**

On or about August 22, 2008, an Application for Confirmation of Plan; Order Confirming Plan and Allowing Attorneys fees was filed with the Court and signed by Bankruptcy Judge Laura Taylor, in the **Silvia Godwin** matter.  The Respondent  listed the amount of $3,300 as agreed initial fee for attorney services, $1300.00, as fees received to date and the amount of $2000.00 as the "total unpaid balance of guideline fees" on the Application for Confirmation of Plan.

On or about September 18, 2008, an Application for Confirmation of Plan; Order Confirming Plan and Allowing Attorneys fees was filed with the Court and signed by Bankruptcy Judge Laura Taylor, in the **Donald R. Soucy** matter.  The Respondent  listed the amount of $3,300 as agreed initial fee for attorney services, $1000.00, as fees received to date and the amount of $2300.00 as the "total unpaid balance of guideline fees" on the Application for Confirmation of Plan.

On or about March 25, 2009, debtor **Silvia Godwin** wrote a letter to the US Trustee objecting to the attorneys fees stating that the initial check of $2774.00 provided to Respondent **Steven Houbeck** was supposed to be in full payment of all fees for the Chapter 13 Bankruptcy matter.  By this time debtor **Silvia Godwin** had received a full discharge of her Chapter 13, Bankruptcy matter, and a return of almost two thirds of the amounts she had paid into the plan, i.e., some $6000.00 of the $9000.00 she had paid, as well as a full discharge of all her debt on investment property.  The bankruptcy matter, except for the attorneys fees, was closed.

On or about April 1, 2009, debtor **Donald Soucy** wrote the US Trustee disputing the attorneys fees for the 13 on the same basis that was being used by debtor **Silvia Godwin**.  By this

Houbeck Wit List (Godwin 08-06198-LT13)      3

1    time both debtors were no longer living apart, and the legal separation had been dismissed for no

2    further action (per debtor Soucy and Godwin testimony at the US Trustee Examination of the

3    Debtors on October 6, 2009.  Mr. Soucy's bankruptcy matter is still proceeding and Respondent

4    **Houbeck** is still retained to represent **Soucy** per **Soucy's** request.

5        On April 9, 2009, the US Trustee through its attorney Haeji Hong, wrote Respondent

6    **Houbeck** requesting further information regarding the matters raised by the debtors in their

7    communications with the US Trustee's office.  The US Trustee further demand a complete list of

8    all bankruptcies filed since May of 2008, an accounting of *all* fees received, *all retainer*

9    *agreements*, *all books and records*, including bank statements and client trust account statements.

10   At no time prior to the communications with the US Trustee's office did the debtors attempt to

11   contact Respondent **Houbeck** to resolve these issues/questions.

12       On April 23, 2009, Respondent **Houbeck** answered the letter of the US Trustee with

13   respect to any bankruptcy client other than the two debtors herein, and refused to produce the

14   volumes of documents based on various statutory and legal privileges, including the attorney

15   client privilege.  At this time Mr. **Houbeck** was still representing both debtors.

16       On or about April 23, 2009, Respondent **Houbeck** wrote to debtors **Soucy** and **Godwin**

17   explaining the fees.  He further issued check #917 from the Steven Houbeck Attorney Client

18   Trust Account (same date) to **Silvia Godwin** in the amount of $1,145.00, the funds held in trust

19   for non-bankruptcy related legal matters.  As of today's date, the check has not been cashed.

20       Similarly, on or about April 23, 2009, Respondent **Houbeck** issued check #918 from the

21   Steven Houbeck Client Trust Account in the amount of $1245.00, for amounts still held in trust

22   for non-bankruptcy matters.  That check was eventually cashed.  Mr. **Soucy** testified in his

23   Trustee examination that he had not cashed the check because he wanted Mr. **Houbeck** to

24   continue to represent him.

25       On or about June 22, 2009, the US Trustee's office filed Ex Parte Applications for an

26   Order to Show Cause why Attorney Fees Should not be Disgorged or Sanctioned in the following

27   cases: 1) In Re **Donald R. Soucy** 08-04626-LT-13; 2) In Re **Silvia Godwin** 08-06198-LT13;

28   3) In Re **Jamshid Abdolrazaghi** 09-04234-LT13; and 4) In Re **Trina Nadi** 08-10226-LT13, all

Houbeck Wit List (Godwin 08-06198-LT13)       4

1  applications stating essentially the same facts.  Ms. **Nadi** has never had any dispute over fees in

2  her Chapter 13 case and neither has Mr. **Abdolrazaghi**.  In fact, neither Ms. **Nadi** nor Mr.

3  **Abdolrazaghi** have ever filed with the US Trustee's office and neither were examined by the US

4  Trustee and there is no evidence in their cases *at all* that there is an issue with regard to the

5  attorneys fees, although these cases are part of the OSC Hearing set currently for May 27, 2010 at

6  2:00 P.M. with regard to the US Trustee's accusation of "systemic abuse" by Respondent

7  **Houbeck**.

8      On or about October 6, 2009, the US Trustee's office set the examination of debtors

9  **Godwin, Soucy, Nadi** and **Abdolrazaghi**.  Only **Godwin** and **Soucy** showed up.  **Nadi and**

10  **Abdolrazaghi** were out of the country or otherwise unavailable for examination.  **Godwin's**

11  examination was completed.  **Godwin** did not ask for all fees to be disgorged in her examination.

12  Rather she simply failed to remember signing the retainer agreements, the Disclosure of

13  Compensation of attorney for debtor, or any other documents, although she verified that the

14  signatures on the documents were hers.  She had no explanation for how the signatures got there

15  other than by her signing them.  She also testified that she had expected to get all the money that

16  she had paid into the Chapter 13 back and that she did not consider that 2/3 was "substantially"

17  all the money.  **Godwin** wanted all fees above the initial $2774.00 either not to be paid to

18  Respondent **Houbeck** or to be returned to her because she felt that the $2774.00 was to be in full

19  payment of all costs and expenses for the Chapter 13.  She testified that she had seen other

20  attorneys and they charged more so she hired **Houbeck** because he was "cheaper".

21      **Soucy**'s examination was held on October 6, 2009, but not completed.  However, Mr.

22  **Soucy** testified that he was confused about the attorneys fees, did received the trust check but had

23  not cashed it, verified his signatures on the documents but did not remember signing them and

24  had no explanation of how they appeared on the documents if he did not sign them.

25      On or about October 8, 2009, a hearing on the United States Trustee's Ex Parte

26  Application for Order to Show Cause Why Attorney should not Disgorge Fees or Be Sanctioned

27  was held before the Honorable Laura B. Taylor on the **Soucy** 08-04626-LT13; **Godwin** 08-

28  06198-LT13; **Nadi** 08-10226-LT13; and **Abdolrazaghi** 09-04234-LT13.  The application was

Houbeck Wit List (Godwin 08-06198-LT13)      5

1  granted and dates were set for discovery and filing of motions as well as trial. A written Order

2  was issued on October 13, 2009. The parties have complied with that order.

3      On or about January 15, 2010 and February 8, 2010, the depositions of Respondent

4  **Steven Houbeck** and the deposition of the Person Most Knowledgeable about Billing and

5  Accounting for Respondent (again Steven R. Houbeck) were held in the **Soucy** and **Godwin**

6  matters. Respondent also responded to Discovery in the form of Request for Admissions, and

7  Requests for Production of Documents producing the client and monthly ledger as well as the

8  Trust Account Bank register recording the **Soucy** and **Godwin** payments as well as

9  reimbursements. The monthly ledger was redacted to remove other clients and other non-related

10 payments as was the Trust Account Check Register.

11     All the retainer agreements, copies of the checks, check registers and ledgers reflect the

12 total payments from the debtors **Soucy** and **Godwin** as well as the reimbursements of funds held

13 in trust.

14     The parties are ready for trial currently set for May 27, 2010 at 2:00 pm. There are not

15 disputed exhibits and the parties are filing a Statement of Stipulated Facts.

16                                         **III**

17                                   **ARGUMENT**

18     As shown by the facts above, there is no evidence **at all** in the Abdolrazaghi (09-04234-

19 LT-13) and Nadi (08-10226-LT13) matters of any impropriety or dispute over the legal fees

20 requested by Respondent **Houbeck** and awarded by the Court pursuant to the Application filed

21 by Respondent on behalf of **Nadi** and **Abdolrazaghi.** Therefore, the US Trustee's Applications

22 on these cases should be dismissed with prejudice and an order denying fee Disgorgement and

23 Sanctions should issue.

24     In the **Godwin** and **Soucy** cases, the Respondent **Houbeck** had two different fee

25 agreements spelling out the costs and fees. He further had the debtors sign and Disclosure of

26 Compensation of Attorney for Debtor, which Disclosures were filed with the court with the

27 Petitions and Schedules in the respective cases. Respondent **Houbeck** kept *all fund **given to the***

28 the Respondent in trust until the Application for Confirmation of Plan; Order Confirming Plan

1  and Allowing Attorneys fees was filed with the Court and signed by Bankruptcy Judge Laura

2  Taylor.  On May 12, 2009, (eight months after the Order of August 22, 2008) Respondent issued

3  a check for himself from the Trust Account for the balance of $1329 (attorneys fees for Chapter

4  13 ($1000.00) and ($274 (filing fees) and $55.00 (due diligence)) from the trust funds held for

5  debtor **Soucy**.  This comports with the amounts listed on the Application for Fees filed with the

6  court.  The sum of $1329.00 in addition to the sums returned to **Soucy** on 4/23/2009o

7  ($1,245.00) equals the amount of the $2574.00 initially paid by the **Soucy** on or about May of

8  2008.  There has been no misrepresentation of fees or misappropriation of funds in the **Soucy**

9  matter.

10         Similarly, On May 12, 2009, Respondent **Houbeck** withdrew the amount of $1629

11  ($1300.00 Chapter 13 fees; $55.00 for due diligence search; and $274.00 for filing fees for the

12  Chapter 13) from the funds remaining in the **Godwin** trust fund after the repayment of the non-

13  bankruptcy fees in April 2009.  The amount of $1629.00 in addition to the $1145.00 returned to

14  the debtor on 4/23/2009 equals the total of $2,774.00 initially paid by debtor **Godwin**.  There is

15  clearly no "misrepresentation" or "misappropriation" of fees or funds in the **Godwin** matter.

16                                                    **IV**

17                                          **CONCLUSION**

18         The United States Trustee's office has no evidence of any kind to support their

19  Application for an Order to Show Cause in the **Abdolrazaghi** (09-04234-LT-13) or any witness

20  to support their Application.  Thus the Application in the **Abdolrazaghi** (09-04234-LT-13)

21  matter should be dismissed with prejudice.

22         The United States Trustee's office has no evidence of any kind to support their

23  Application for an Order to Show Cause in the **Nadi** (08-10226-LT-13) or any witness to support

24  their Application.  Thus the Application in the **Nadi** (08-10226-LT-13) matter should be

25  dismissed with prejudice.

26         The undisputed documentary evidence listed in this case (Exhibits 2, 3, 4, 5, 8, 9, 11, 12,

27  13, & 16) in the **Godwin** 08-06198-LT13 matter support that the fees requested and the fees paid

28  are consistent with one another.  Further that all unused funds held in trust were returned to the

1  debtor.  There was no "misrepresentation" or "misappropriation" as alleged by the debtor **Silvia**

2  **Godwin**.  The application should be dismissed with prejudice and all unpaid fees should be paid

3  to Respondent **Houbeck**.

4      The undisputed documentary evidence listed in this case (Exhibits 28, 29, 30, 32, 33, 34,

5  35, 38, 39, 40, and 41) in the **Soucy** 08-04626-LT13 matter support that the fees requested and

6  the fees paid are consistent with one another.  Further that all unused funds held in trust were

7  returned to the debtor.  There was no "misrepresentation" or "misappropriation" as alleged by the

8  debtor **Donald R. Soucy**.  The application should be dismissed with prejudice and all unpaid fees

9  should be paid to Respondent **Houbeck** pursuant to the ongoing plan.

10                        Respectfully Submitted,

11

12 Dated: <u>March 3, 2010</u>              By_____

                                       Linda F. Atcherley

13                                        Attorney for Respondent

14                                        Steven R. Houbeck

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN DIEGO
### CERTIFICATE OF SERVICE BY MAIL
### (C.C.P. 1012, 1013(A), 2015.5)

I, the undersigned, declare: That I am and was at the time of service of the papers herein referred to, over the age of eighteen years and not a party to the action; and I am employed in the City and County of San Diego, California, within which county the subject mailing occurred. My business address is 7851 Mission Center Court, Suite # 250, San Diego, California, 92108. I served the following document(s) on the interested parties by first class mail:

**Respondent Steve Houbeck's Trial Brief for Evidentiary Hearing on Order to Show Cause Why Attorney Should Not Disgorge Fees or be Sanctioned**

by placing a copy thereof in a separate envelope for each addressee named hereafter, addressed to each such addressee respectively as follows:

**Also Served via Fax and E-mail**
**Ms. Haeji Hong**
**Office of the United States Trustee**
**402 West Broadway, Suite 600**
**San Diego, CA  92101-9511**

I then sealed each envelope and with the postage thereon fully prepaid, deposited each in the United States Mail at San Diego, California, on this March 3, 2010.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 3, 2010

Sharon L. Chalker