HAEJI HONG, ATTORNEY #198503
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
402 West Broadway, Suite 600
San Diego, CA 92101
(619) 557-5013

Attorney for
TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

In re:

DONALD R. SOUCY,

Debtor.

ACTING UNITED STATES TRUSTEE,

Movant,

vs.

STEVEN R. HOUBECK,

Respondent

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 08-04626-LT13

Contested Matter Per OSC
Dated October 13, 2009

RESPONIVE BRIEF TO RESPONDENT'S
TRIAL BRIEF FOR EVIDENTIARY
HEARING ON ORDER TO SHOW CAUSE
WHY ATTORNEY SHOULD NOT
DISGORGE FEES OR BE SANCTIONED

Date:      May 27, 2010
Time:      2:00 p.m.
Dept.:     Three (3)
Judge:     Hon. Laura S. Taylor

The Acting United States Trustee (the "UST" or "United States Trustee") hereby files this Responsive Brief to Respondent's Trial Brief for Evidentiary Hearing on Order to Show Cause Why Attorney Should Not Disgorge Fees or Be Sanctioned.

The Court will determine based on all evidence presented and testimony of the witnesses whether or not Steven Houbeck (the "Respondent") has or has not violated the disclosure requirements imposed by the Bankruptcy Code and Bankruptcy Rules. Thus, the UST will not devote any arguments regarding facts of this case in this Responsive Brief.

RESPONSIVE BRIEF
SOUCY: 08-04626-LT13

- 1

The Respondent provided no legal authority for any of the issues in his Trial Brief. However, the Respondent pointed out that he issued checks to return the amount to Donald R. Soucy (the "Debtor") so that the amount disclosed in the bankruptcy papers would comport with the amount that the Debtor had paid for bankruptcy services.

The Respondent did not provide any legal authority for the proposition that the Court should not order full disgorgement if the Court finds that the Respondent misrepresented the fees he had been paid pre-petition, regardless of whether the Debtor requests the full disgorgement or whether he refunded some amount to the Debtor. As the United States Trustee pointed out in her trial brief, the disclosure requirements of the Bankruptcy Code and Bankruptcy Rules are strictly and literally applied so that the Court could order complete disgorgement and additional sanction of reasonable attorney fees and costs if the Court finds that the Respondent misrepresented his fees. *Law Offices of Nicholas A. Franke v. Tiffany, U.S. Trustee (In re Lewis)*, 113 F.3d 1040, 1045-46 (9th Cir. 1997); *In re Deville*, 280 B.R. 483, 497 (9th Cir. BAP 2002).

///

///

///

///

///

///

///

///

///

///

///

///

///

///

1        The Respondent also failed to provide any legal authority for the proposition that the

2 Court should dismiss the application or withdraw the Court's Order to Show Cause Why

3 Attorney Should Not Disgorge Fees or Be Sanctioned ("Order to Show Cause") with prejudice.[1]

4 The Respondent has a continuing duty to disclose and supplement. FED.R.BANKR.PROC.

5 2016(b); see *In re Tan, Lie Hung & Mountain States Investments, LLC*, 413 B.R. 851, 859

6 (Bankr.D.Or. 2009); *In re Perrine*, 369 B.R. 571, 579 (Bankr.C.D.Cal. 2007).  Therefore, issues

7 regarding Respondent's fees are always subject to scrutiny by the Court.  In fact, the Court

8 retains jurisdiction to review issues regarding fees even after dismissal of a case.  *In re Menk*,

9 241 B.R. 896, 906 (9th Cir. BAP 1999)(citing *Elias v. U.S. Trustee (In re Elias)*, 188 F.3d 1160,

10 1162 (9th Cir. 1999) and a string of other Ninth Circuit Court of Appeals cases); *In re Orfa*

11 *Corp. of Philadelphia*, 170 B.R. 257, 270 (Dist.E.D.Pa. 1994).

12        WHEREFORE, UST submits this Responsive Brief to Respondent's Trial Brief for

13 Evidentiary Hearing on Order to Show Cause Why Attorney Should Not Disgorge Fees or Be

14 Sanctioned.

15

16    .

17                          Respectfully submitted,

18                          TIFFANY L. CARROLL

19                          ACTING UNITED STATES TRUSTEE

20

21 Dated: March 17, 2010           By: /s/ Haeji Hong

22                            Haeji Hong

23                            Attorney for the Acting United States

24                            Trustee

25

26 ───────────

[1] The United States Trustee notes that the Respondent requests dismissal of the application with

27 prejudice.  However, the Court has entered an Order to Show Cause and it would appear that the

28 Respondent would be requesting that the Court withdraw the Order to Show Cause with prejudice.

RESPONSIVE BRIEF
SOUCY: 08-04626-LT13