Linda F. Atcherley (SBN: 147095)
Atcherley & Associates
7851 Mission Center Court, Suite 250
San Diego, CA 92108
Telephone: (619) 325-0969

**Attorney for Respondent**

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | |
| **JAMSHID ABDOLRAZAGHI;** | Case No.: 09-04234-T13 |
| **TRINA NADI;** | Case No.: 08-10226-T13 |
| **DONALD SOUCEY;** | Case No.: 08-04626-T13 |
| **SILVIA N. GODWIN;** | Case No.: 08-06198-T13 |
|    **DEBTOR.** | |
| **ACTING UNITED STATES TRUSTEE** | **OMNIBUS RESPONSE TO UST's TRIAL BRIEF FOR EVIDENTIARY HEARING ON ORDER TO SHOW CAUSE WHY ATTORNEY SHOULD NOT DISGORGE FEES OR BE SANCTIONED** |
|    **MOVANT** | |
| VS. | Hearing Date: 05-27-10 |
| **STEVEN R. HOUBECK,** | Hearing Time: 2:00 PM |
|    **RESPONDENT.** | Department: 3 |

     COMES NOW, STEVEN R. HOUBECK, hereinafter "Respondent," in Response to UST's Trial Brief for Evidentiary Hearing on OSC Why Attorney Should Not Disgorge Fees or be Sanctioned:

//
//
//
//

-1-

### IN RE ABDOLRAZAGHI CASE # 09-04234-T13

UST acknowledges and admits there is no evidence of wrongdoing. OSC should be dismissed with prejudice. Respondent requests the Court to retain jurisdiction for purposes of requesting sanctions and costs against the UST and Ms. Haeji Hong pursuant to Section 105 and Bankruptcy Rule 9011 and against Ms. Hong's paralegal, Ms. Shannon Vencill for practicing law without a license at the debtor's 341(a) meeting of creditors.

### IN RE NADI CASE # 08-10226-T13

UST acknowledges and admits there is no evidence of wrongdoing. OSC should be dismissed with prejudice. Respondent requests the Court to retain jurisdiction for purposes of requesting sanctions and costs against the UST and Ms. Haeji Hong pursuant to Section 105 and Bankruptcy Rule 9011.

### IN RE DONALD SOUCEY CASE# 08-04626-T13

1.  UST's brief is conclusionary and fails to connect the dots. The UST ignores the facts and bases its OSC on Debtor's unsubstantiated allegations, not the written attorney-client contracts and disclosures Debtor acknowledges signing.

### IN RE SILVIA GODWIN CASE # 08-06198-T13

2.  UST's brief is conclusionary and fails to connect the dots. The UST ignores the facts and bases its OSC on Debtor's unsubstantiated allegations, not the written attorney-client contracts and disclosures Debtor acknowledges signing.

3.  On October 13, 2009, the Court signed an Order to Show Cause Why Attorney Should Not Disgorge Fees Or Be Sanctioned. In that Order, the Court set the parameters of the OSC. Specifically, the Court Order limited the OSC "To show cause why Houbeck should not be ordered to disgorge all fees received by him in bankruptcy case no. 08-06198-LT13 (the "Godwin Case") and/or forgo collection of additional fees claimed in the Godwin Case based on

-2-

Houbeck's alleged misrepresentation(s) regarding compensation in the Godwin Case and/or failure to make proper disclosures of compensation in the Godwin Case."

4.     In violation of the Order, the UST attempts to unilaterally add issues outside the Court's parameters.  The UST now raises ethical issues regarding Houbeck's duty to withdraw from a case that was discharged on July 2, 2009 and basically closed. Also, UST now requests that "Relief should include full disgorgement and the UST's reasonable attorney fees and costs as additional sanction."  Such relief is not in the Court's Order as enumerated above. Respondent suspects that the UST has become frustrated with their inability to provide evidence to support their OSC and is attempting to stack the deck with issues not raised in the original application.  Respondent argues that these issues are outside the parameters and scope of the Court's October 13, 2009 Order and should not be considered.

Date:   March 17, 2010          /s/:  LINDA F. ATCHERLEY
                                Attorney for Respondent